IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Laura Ross,<br><br>            Plaintiff,<br><br>vs.<br><br>ModivCare Solutions, LLC, C. A. Brown Enterprises, LLC, D/B/A "ChaseMed Transportation," Humana Benefit Plan of South Carolina, and Arcadian Health Plan, Inc.<br><br>            Defendants. | Civil Action No.: 3:25-37-JDA<br><br>**COMPLAINT**<br>**(JURY TRIAL DEMANDED)** |

The Plaintiff above named, complaining of the acts of the above-named Defendants, states as follows:

PARTIES AND JURISDICTION

1.      Plaintiff, Laura Ross ("Plaintiff"), is a resident and citizen of Lee County in the State of South Carolina.

2.      Defendant, ModivCare Solutions, LLC, ("ModivCare") is a foreign limited liability company having its principal place of business in State of Delaware. ModivCare does business and maintains offices in the State of South Carolina.

3.      Defendant, C. A. Brown Enterprises, LLC, is a domestic limited liability company maintaining offices and having its principal place of business in State of South Carolina. Defendant does business under the name "ChaseMed Transportation." (hereinafter referred to as "ChaseMed").

4.      Defendant, Humana Benefit Plan of South Carolina ("Humana") is a domestic corporation doing business and maintaining offices in the State of South Carolina.

1

5.  Defendant, Arcadian Health Plan, Inc., ("Arcadian") is a foreign corporation having its principal place of business in the State of Washington. Arcadian does business and maintains offices in the State of South Carolina.

6.  This Court has federal question jurisdiction over this matter pursuant to 29 U.S.C. § 12101, *et. seq.* (the Americans with Disabilities Act of 1990, or the "ADA"), and 29 U.S.C. §701, *et seq.* (the Rehabilitation Act of 1973, or the "Rehabilitation Act").

7.  Venue for all causes of action stated herein lies in the District of South Carolina, Charleston Division pursuant to 28 U.S.C. § 1391(b), in that Defendants do business in the district, and a substantial part of the events giving rise to Plaintiff's claims occurred in the district.

8.  This Court has supplemental jurisdiction over Plaintiff's State law claims under 28 U.S.C. § 1367.

9.  Plaintiff suffers from a disability, namely complex post-traumatic stress disorder, severe anxiety, and depression. Plaintiff has been disabled since 2010 and requires the assistance of a service animal to assist her.

10. Specifically, Plaintiff's symptoms of complex post-traumatic stress disorder and anxiety include experiencing "blackouts" causing her to faint and fall to the ground without control and with little warning.

11. In order to protect Plaintiff from these symptoms, her service animal is trained to sense when her anxiety or stress reach a level where she may "blackout," and takes action to encourage her to sit down or position himself to serve as a "shield" to prevent Plaintiff from making immediate contact with a hard surface that could cause severe injury to Plaintiff. In other words, the service animal positions himself to "catch" Plaintiff should she experience a "blackout."

12. Plaintiff has been a member of Humana's Gold Plus Medicare Advantage Plan since 2010.

13. Humana assigned Arcadian to manage Plaintiff's Humana Gold Plus Medicare Advantage Plan.

14. Through her membership with Humana, Plaintiff has the benefit of scheduling rides to medical appointments she would otherwise not be able to attend.

15. Humana contracts with ModivCare to locate transportation contractors to schedule and coordinate these rides.

16. Arcadian, Humana, and ModivCare are responsible for ensuring the contractors it selects to provide medical transport services comply with all State and federal laws, including the ADA and the Rehabilitation Act.

17. On or about May 8, 2024, Plaintiff was scheduled to see one of her doctors for a 3:00 p.m. appointment.

18. Humana and ModivCare contracted with ChaseMed to provide medical transportation services to Plaintiff. ChaseMed was assigned to transport Plaintiff from her home to her 3:00 p.m. doctor's appointment at 1285 Wilson Hall Road in Sumter, South Carolina.

19. ChaseMed was scheduled to arrive at Plaintiff's home at 1:55 p.m. on May 8, 2024, so Plaintiff could arrive at her appointment at 2:33 p.m.

20. Plaintiff also notified ModivCare and ChaseMed that her service dog was with her and needed to accompany her to her appointments. Plaintiff's dog was wearing a neon green vest and was heeled by her side.

21. Plaintiff lives in a rural area and the transport was unable to meet her directly at her home. Instead, Plaintiff walked a quarter mile to a location where the ChaseMed driver agreed to pick her up.

22.    When the ChaseMed transport vehicle arrived, Plaintiff approached the door to enter; however, the driver refused to unlock the door and instead cracked the window and informed Plaintiff that she could not bring her service dog with her. Plaintiff objected and informed the driver that she noted in her records that she required the assistance of a service dog during transport.

23.    While present with the ChaseMed driver, Plaintiff called the ModivCare customer service line and spoke to a representative to report the driver's refusal to accommodate her and her service dog.

24.    The ModivCare customer service representative verified that Plaintiff was present at the location with the transport driver.

25.    While on the phone with a ModivCare representative, the ChaseMed driver still refused to allow Plaintiff to enter the vehicle and required Plaintiff and her service dog to stand in the unshaded 91-degree heat.

26.    Plaintiff eventually walked away from the vehicle to stand in the shade because she was beginning to overheat and felt as if she were about to experience a seizure. Eventually, the ChaseMed driver callously told Plaintiff, "I can take you but not the dog." Plaintiff again objected and informed the driver of her requirement to allow her service dogs to be transported with Plaintiff.

27.    While Plaintiff remained on hold with the ModivCare representative, she could hear the ChaseMed driver and a dispatcher the driver was talking to laugh at Plaintiff and her dog, who were both starting to suffer from heat exhaustion.

28.    Suddenly, the ChaseMed Driver bluntly asked Plaintiff, "if [she's] going or not!?" Plaintiff told the driver that she could not go without her service dog. The driver laughed again. By this

time, Plaintiff's stress level was increasing due to the situation, and she could feel herself beginning to have a Psychogenic Non-Epileptic Seizure (PNES).

29.     Again, the ChaseMed Driver refused to assist Plaintiff and, instead of allowing her to sit in the air-conditioned vehicle, Plaintiff was forced to walk back to the same spot of shade as before. Plaintiff nearly collapsed and fell with such physical exertion that her service dog positioned himself to protect her from injury, as he is trained to do.

30.     As a frightened, hot, confused, and frustrated Plaintiff sat there, the ModivCare representative failed to intervene or attempt to call another driver to transport Plaintiff. Meanwhile, Plaintiff noticed the ChaseMed Driver back up, turn around, and leave Plaintiff, now a quarter mile from her home because she had to walk from her home to an area where she was to meet the ChaseMed Driver.

31.     Plaintiff received notice that ModivCare categorized the incident as her fault, and designated the transport canceled as a "Member No Show."

FOR A FIRST CAUSE OF ACTION:
DISCRIMINATION/FAILURE TO ACCOMMODATE
IN VIOLATION OF THE ADA

32.     Plaintiff hereby realleges each and every allegation contained in the Paragraphs above as fully as if set forth herein verbatim.

33.     Plaintiff is an individual with a disability as defined in 42 U.S.C. § 12102 in that she had a physical or mental impairment that substantially limited one or more major life activities, or her employer regarded Plaintiff as having such an impairment.

34.     ModivCare, ChaseMed, Humana Benefit Plan of South Carolina, and Arcadian Health Plan, Inc., (collectively, "Defendants") had notice of Plaintiff's disability. Specifically, Plaintiff notified Defendants, in writing, describing her limitations due to her physical disability.

35. Plaintiff requested a reasonable accommodation to be allowed the use of her service dog when requesting rides to/from appointments.

36. Defendants refused to make a reasonable accommodation in violation of the ADA.

37. As a result of the above, Plaintiff has suffered severe psychological harm, emotional distress, anxiety, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss of character and reputation, physical and personal injuries, and further seeks attorney's fees and costs and prejudgment interest.

## FOR A SECOND CAUSE OF ACTION: DISCRIMINATION/FAILURE TO ACCOMMODATE IN VIOLATION OF THE REHABILITATION ACT

38. Plaintiff hereby realleges each and every allegation contained in the Paragraphs above as fully as if set forth herein verbatim.

39. Plaintiff is an individual with a disability as defined in 29 U.S.C. §701 in that she had a physical or mental impairment that substantially limited one or more major life activities.

40. Defendants are subject to the Rehabilitation Act in that Defendants receive federal funding and/or has contracts or subcontracts with the federal government.

41. Defendants had notice of Plaintiff's disability. Specifically, Plaintiff notified Defendants and described her need to have a service dog.

42. Plaintiff requested reasonable accommodation regarding the need for her service dog to accompany her to/from appointments.

43. Defendants refused to make reasonable accommodations in violation of the Rehabilitation Act.

44. As a result of the above, Plaintiff has suffered severe psychological harm, emotional distress, anxiety, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life,

embarrassment, humiliation, loss of character and reputation, physical and personal injuries, and further seeks attorney's fees and costs and prejudgment interest.

FOR A THIRD CAUSE OF ACTION
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

45. Plaintiff hereby realleges each and every allegation contained in the Paragraphs above as fully as if set forth herein verbatim.

46. Defendants intentionally and recklessly inflicted severe emotional distress on Plaintiff, or was certain, or substantially certain, that such distress would result from its conduct.

47. The conduct of Defendants was so extreme and outrageous that it exceeded all possible bounds of decency, was atrocious, and is utterly intolerable in a civilized community.

48. Defendants' conduct caused Plaintiff to suffer extreme and severe emotional distress such that no reasonable person could be expected to endure.

49. Such conduct included allowing Plaintiff to suffer emotional and physical distress.

50. As a direct and proximate result of the actions of Defendants, Plaintiff sustained damages and suffered severe psychological harm, emotional distress, anxiety, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, character and reputation, physical and personal injuries, and further seeks attorney's fees and costs and prejudgment interest.

   WHEREFORE, Plaintiff requests a jury trial for each cause of action and prays for the following relief against Defendant: for such amount of actual and special damages as the trier of fact may find, (including severe psychological harm, emotional distress, anxiety, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss of character and reputation, and physical and personal injuries), punitive damages, the cost

and disbursements of this action, including reasonable attorneys' fees, prejudgment interest and for such other and further relief as the Court deems just and proper.

                              RESPECTFULLY SUBMITTED,

                              **FERGUSON LAW AND MEDIATION, LLC**

                              s/*Emmanuel J. Ferguson, Sr.*
                              Emmanuel J. Ferguson, Sr. Federal Bar #11941
                              171 Church Street, Suite 160
                              Charleston, South Carolina 29414
                              (843) 491-4890 telephone
                              emmanuel@fergusonlaborlaw.com

                              *Attorney for Plaintiff*

January 3, 2025
Charleston, South Carolina